# Exhibit A

**KWARTLER MANUS, LLC**
BY: BRIAN P. MCGOVERN, ESQUIRE
I.D. NO.: 77226
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102
(267) 457-5570

**MAJOR NON-JURY**



Filed and Attested by the
Office of Judicial Records
09 JUN 2025 04:51 pm
B. BALILONTI

Attorney for Plaintiff

| | |
|---|---|
| Christopher Hoskins | : |
| 1700 Wynwood Drive | : |
| Riverton, NJ 08077 | : |
| | : |
| v. | : |
| | : |
| Casa Philadelphia Chancellor LLC | : |
| 1822 Spring Garden Street | : |
| Philadelphia, PA 19130 | : |
| | : |

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
  PHILADELPHIA BAR ASSOCIATION
  LAWYER REFERRAL and INFORMATION SERVICE
  One Reading Center
  Philadelphia, Pennsylvania 19107
  (215) 238-6333
  TTY: (215) 451-6197

ADVISO

Le han demandado a la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

  ASSOCIACION DE LICENDIADOS DE FILADELFIA
  SERVICIO DE REFENCIA E INFORMACION LEGAL
  One Reading Center
  Filadelfia, Pennsylvania 19107
  Teléfono: (215) 238-6333
  TTY: (215) 451-6197

**PLEASE BE ADVISED THAT KWARTLER MANUS, LLC WILL NOT GRANT ANY EXTENSION OF TIME TO FILE A RESPONSE TO THIS COMPLAINT.**

1

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

1.     At all times material hereto, Plaintiff, Christopher Hoskins, was residing in the Commonwealth of Pennsylvania, at the address listed in the caption of this Complaint.

2.     Defendant, Casa Philadelphia Chancellor LLC, is a corporation doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 1602-10 Chancellor Street, Philadelphia, PA 19103-6323 (hereinafter referred to as "premises").

3.     At all times material hereto Defendant was acting individually, jointly and/or by and through Defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

4.     On or about July 1, 2023, Plaintiff was an invitee, licensee and/or otherwise legally on Defendant's premises, when, as a result of the negligent, reckless, willful and/or careless conduct of the Defendants, Plaintiff was caused to fall down an elevator shaft.

5.     As a result of this accident, the Plaintiff suffered severe and permanent bodily injury as more fully set forth at length below (see photographs of some injuries attached hereto and marked collectively as Exhibit A).

Case ID: 250601068

**COUNT I**
**CHRISTOPHER HOSKINS V. CASA PHILADELPHIA CHANCELLOR LLC**
<u>Personal Injury</u>

6.      Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

7.      The negligent, reckless, willful and/or careless conduct of Defendant consisted of the following:

     a.      Failure to lock/barricade the entry doors of a premises allowing/inviting trespassers to enter.

     b.      Failure to design, construct, maintain, and/or repair the premises over which people are likely to travel, rendering the premises unsafe despite knowing or having reason to know of Plaintiff's presence on the premises;

     c.      Failure to properly monitor, test, inspect or clean the premises to see if there were dangerous or defective conditions to those on the premises despite knowing or having reason to know of Plaintiff's presence on the premises;

     d.      Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises despite knowing or having reason to know of Plaintiff's presence on the premises;

     e.      Failure to barricade and/or block-off the defective and/or dangerous area of the premises despite knowing or having reason to know of Plaintiff's presence on the premises;

     f.      Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the

3

Case ID: 250601068

premises despite knowing or having reason to know of Plaintiff's presence on the premises;

g.      Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises despite knowing or having reason to know of Plaintiff's presence on the premises;

h.      Failing to exercise the proper care, custody and control over the aforesaid premises despite knowing or having reason to know of Plaintiff's presence on the premises;

i.      Failure to inspect, maintain and/or repair known and/or unknown defects despite knowing or having reason to know of Plaintiff's presence on the premises;

j.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises despite knowing or having reason to know of Plaintiff's presence on the premises; and

k.      In other respects that may be pointed out at the time of trial.

8.      As a direct result of the negligent, careless and/or reckless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: soft tissue wound anteromedial tibial shaft, open comminuted fractures of the mid and distal tibia and fibula, displaced fracture of the calcaneus, displaced fracture of the posterior process of the talus, displaced fracture medial malleolus, 2 full thickness wounds left forearm, displaced third proximal phalanx neck fracture, fracture of the L2 vertebral

4

body, burst fractures vertebral body and posterior elements at L3 and L4, ventral epidural hematoma at L3 and L4 vertebral body, hematoma right paraspinous muscles to right iliac, fracture of the body of the sternum, right anterolateral 7th rib fracture, fractures of the posterior columns of the bilateral acetabulum, perforation left tympanic membrane, complex 45mm left chin laceration with bone exposure, dislocation of the right temporomandibular joint, displaced fracture of the alveolar part of the central mandible, comminuted fracture of the left mandibular body, displaced fracture of the left lateral pterygoid plate, avulsion teeth #7, 8, 23, fractures teeth #4, 24, 25, 27, 28, 29, Hill-Sachs impaction fracture posterolateral humeral head, displaced osseous Bankart fracture at the anteroinferior glenoid, displaced fracture of the anterior greater tuberosity, inflammatory pneumonitis with left lower lobe atelectasis, pulmonary edema, thrombosis medial distal calf superficial vein, and any other ills, injuries, all to Plaintiff's great loss and detriment.

9.    As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

10.    As an additional result of the negligent, reckless, willful and/or careless conduct of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

11.    As a further result of the injuries sustained, the Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the Plaintiff.

12.    In addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

Case ID: 250601068

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

KWARTLER MANUS, LLC

*Brian P. McGovern*
BRIAN P. MCGOVERN, ESQUIRE

**PLAINTIFF'S <u>INTERROGATORIES</u>, <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>, AND <u>REQUESTS FOR ADMISSION</u> ARE ATTACHED TO AND SERVED WITH THIS COMPLAINT.**

**KWARTLER MANUS, L.L.C. WILL <u>NOT</u> GRANT ANY EXTENSIONS OF TIME TO RESPOND TO THE ATTACHED DISCOVERY REQUESTS.**

Case ID: 250601068

**<u>VERIFICATION</u>**

I hereby state that I am a Plaintiff in this action and verify that the statements made in the forgoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.  To the extent that the contents of the Complaint are that of counsel, verifier has relied on counsel in taking this Verification.  The undersigned understands that this Verification is made subject to the penalties of 18 Pa. C.S. Section 4909 relating to unsworn falsifications to authorities.

Signature: _____

7

Case ID: 250601068

# EXHIBIT A

8

Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



14

Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068



Case ID: 250601068

| Christopher Hoskins | : | COURT OF COMMON PLEAS |
|---|---|---|
| | : | |
| V. | : | COUNTY OF PHILADELPHIA |
| | : | CIVIL TRIAL DIVISION |
| Casa Philadelphia Chancellor LLC | : | |
| | : | |

### PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT
*Premises Liability Cases*

 Plaintiff hereby makes demand that the Defendant(s) answer the following Interrogatories pursuant to the Pennsylvania Rules of Civil Procedure 4001 et seq.  These Interrogatories must be answered as provided in Pa. R.C.P. 4006 and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

 These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendants or their representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous.  Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to Pa. R.C.P. 4007.4.

 These Interrogatories are addressed to Defendants as a party to this action; Defendants' answers shall be based upon information known to Defendants or in the possession, custody or control of Defendants, their attorney or other representative acting on their behalf whether in preparation for litigation or otherwise. These Interrogatories must be answered completely and specifically by Defendants in writing and must be verified.  The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as completely as possible.  The omission of any name, fact, or other item of information from the Answers shall be deemed a representation that such name, fact, or other item was not known to Defendants, their counsel, or other representatives at the time of service of the Answers.

### BACKGROUND

1.    Please identify if you are an individual, corporation or partnership:

      **(a)**    If an individual:

            **(1)**    full name (maiden name, if applicable)

            **(2)**    alias(es)

            **(3)**    date of birth

Case ID: 250601068

       **(4)**    residence and business addresses at time of the alleged accident and currently.

  **(b)**    If a corporation:

       **(1)**    registered corporation name

       **(2)**    principal place of business

       **(3)**    registered address at the time of the alleged accident and currently.

  **(c)**    If a partnership:

       **(1)**    registered partnership name

       **(2)**    principal place of business

       **(3)**    registered address at the time of the alleged accident and currently

       **(4)**    the identities and residence addresses of each partner at the time of the alleged accident and currently.

**2.**    Has a claim been made or a lawsuit filed against you for personal injury involving the location of the alleged accident within the last 10 years?  If so, state:

  **(a)**    By whom;

  **(b)**    The Commonwealth or State, County, Court, Term and Number of any lawsuits arising from that cause of action;

  **(c)**    The outcome of the claim/lawsuit.

**3.**    Have you been convicted of or pleaded guilty or nolo contendere to any crime(s) in the past ten (10) years to any crime(s) involving dishonesty or false statements as provided in Pa.R.E. 609, or has last date of confinement for said crime(s) been within the past ten (10) years?

**4.**    Identify:

  **(a)**    Your applicable insurance carrier at the time of the alleged accident;

  **(b)**    Your applicable liability insurance coverage limits at the time of the alleged accident;

Case ID: 250601068

**(c)**     Your applicable umbrella and/or excess liability insurance coverage limits at the time of the alleged accident;

**(d)**     If self-insured, for all or any monetary part of a liability claim, so state (including the limits).

## ACCIDENT INFORMATION

**5.**     At the time of the alleged accident, was the location of the alleged accident possessed, controlled and/or maintained by the defendant(s)?  If not, identify who did possess, control and/or maintain them.

**6.**     Is the location of the alleged accident owned or leased by the defendant(s)?  If leased, state:

**(a)**     From whom said location of the alleged accident are leased;

**(b)**     Dates of said lease.

**7.**     Identify the person(s), including name, title, residence and business address(es), who last maintained and/or cleaned the location of the alleged accident.

**8.**     State the name, home and business addresses of the following:

**(a)**     Those who actually witnessed the alleged accident;

**(b)**     Those who were present at or near the scene at the time of the alleged accident;

**(c)**     Those who have any knowledge or information as to any facts pertaining to the circumstances and/or manner of the happening of the alleged accident and/or the nature of the injuries sustained in the alleged accident;

**(d)**     The person(s) who last examined/inspected the place where the alleged accident occurred before the alleged accident;

**(e)**     The person(s) who last examined/inspected the place where the alleged accident occurred after the alleged accident;

**(f)**     Are any of the people listed in the preceding answers to interrogatories relatives, agents, servants, employees, the spouse, and/or representatives of the Defendants(s)?

Case ID: 250601068

**9.**     At the time of the alleged accident or immediately thereafter, did you have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence?  If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it/they occurred.

**10.**    Did Defendant, or anyone acting on behalf of the Defendant, receive any reports or complaints from any source during the six (6) months prior to the alleged accident, concerning the conditions of the location of the alleged accident?  If so, state:

    **(a)**    When;

    **(b)**    From who received;

    **(c)**    The nature of each such report or complaint;

    **(d)**    Any action(s) taken by defendant in response thereto;

    **(e)**    The name, address and job title of the person(s) who has custody, possession and/or control of such reports or complaints.

**11.**    Were any repairs or changes made to the location of the alleged accident after the accident occurred?  If so, state:

    **(a)**    When they were made;

    **(b)**    The kind of repairs or changes made;

    **(c)**    Who made such repairs or changes;

    **(d)**    Whose decision it was to initiate the repairs or changes.

**12.**    State any violations of City Ordinances or Codes for which Defendant or anyone acting on Defendant's behalf were cited regarding the alleged accident as well as the dates of said violations.

**13.**    Were there any signs, barriers or anything else at or near the scene of the alleged accident warning of the conditions existing thereon?  If so, state:

    **(a)**    When said warnings were placed at the scene and by whom;

    **(b)**    Describe exactly what the warning was and the exact dimensions of said warning;

    **(c)**    The exact location of said warning.

Case ID: 250601068

**14.** Do you know of anyone who is in the possession, custody and/or control of any photographs, sketches, reproductions, charts, maps or diagrams of the scene of the accident? If so, state:

    **(a)** The date(s) they were taken or made;

    **(b)** The name, title, residence and business address of the person(s) taking them and in the possession, custody and/or control of them;

    **(c)** The subject or object of the particular site or view of each of them.

**15.** Was any videotaping performed on the day of this alleged accident at the location where the alleged accident occurred? If so, state:

    **(a)** Whether there is any type of log, record, compilation or other documentation of the videotaping performed;

    **(b)** Who has custody, possession and/or control of the recording(s).

**16.** What were the weather conditions on the day of and the day before the alleged accident?

**17.** Do you allege that the weather conditions contributed to the happening of Plaintiff(s) alleged accident?

**18.** Do you believe the Plaintiff did anything to contribute to the alleged accident? If so, describe what actions contributed to the alleged accident.

## MISCELLANEOUS

**19.** If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (e.g. accident reconstructionists), whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:

    **(a)** The name of the expert;

    **(b)** The expert's professional address;

    **(c)** The expert's occupation;

    **(d)** The expert's specialty;

Case ID: 250601068

**(e)**      The expert's qualifications (e.g. Curriculum Vitae);

**(f)**      The topic or subject matter upon which expert is expected to testify;

**(g)**      The substance of the facts to which the expert is expected to testify;

**(h)**      The substance of the opinion to which the expert is expected to testify;

**(i)**      A summary of the grounds for each opinion the expert is expected to testify.

**20.**    Have you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff(s)?

**21.**    From the time of the accident to the present have you had or do you have any social media accounts such as Facebook, Instagram, Twitter, etc?  If so, identify all such accounts.

**22.**    State the name and address of the person answering these Interrogatories and his/her relationship to the Defendant.


*Brian P. McGovern*
Brian P. McGovern, Esquire
Attorney ID#: 77226

Case ID: 250601068

## **VERIFICATION**

I, _____, subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____
Signature

32

Case ID: 250601068

| | | |
|---|---|---|
| Christopher Hoskins | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | COUNTY OF PHILADELPHIA |
| | : | CIVIL TRIAL DIVISION |
| Casa Philadelphia Chancellor LLC | : | |
| | : | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF
## <u>DOCUMENTS DIRECTED TO DEFENDANT</u>

You are requested to produce, in accordance with Pennsylvania Rule of Civil Procedure 4009, the originals or clear, readable copies of the below listed documents and/or items unless protected by attorney-client privilege or work-product doctrine. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs reproduced, videotapes and audiotapes shall be viewed and/or heard and a copy made. The below listed documents and/or items are to be produced at Plaintiff's counsel's office on or before thirty (30) days from the date of service herein. Such request is continuing up to and at the time of trial.

## DEFINITIONS

A.     "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees.

B.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C.     "Documents" shall mean all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control.

D.     "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

33

Case ID: 250601068

**E.**    For purposes of this discovery request "Identify" is defined as the following:

**(1)**    *when used with respect to an individual*, means to state (a) their name; (b) business affiliation and official title and/or position; and (c) their last known residential and business address.

**(2)**    *when used with respect to a document*, means to state (a) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail) (b) its date of origin or creation; (c) its author and addressee; (d) its last known custodian or locations; and (e) a brief description of its subject matter and size.  In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

**(3)**    *when used with respect to a company or other business entity*, means to state, (a) the company's legal name, any former names, and the name under which it trades or does business; (b) the address of its principal place of business; and (c) the identity of its chief executive officer.

**F.**    "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

**G.**    The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

**H.**    For purposes of the Rule, a statement includes:

**(1)** A written statement, signed or otherwise adopted or approved by the person making it, or

**(2)**    A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## REQUESTS

**1.**    The claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for

Case ID: 250601068

investigation, and/or reports/findings of investigators, both inhouse and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

**2.**    All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

**3.**    The name, home and business address, background and qualifications of any and all persons retained by the Defendant(s), who in anticipation and/or preparation of litigation, are expected to be called to trial.

**4.**    Any and all documents and communications containing the name and home and business addresses of all individuals contacted as potential witnesses.

**5.**    Reports, non-privileged communications, and/or documents prepared by any and all experts who are expected to testify at trial or whose reports are expected to be submitted at trial.

**6.**    Resumes and qualifications of any and all experts who are expected to testify at trial or whose reports are expected to be submitted at trial.

**7.**    Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the alleged accident site and/or any instrumentality involved in the alleged accident described in Plaintiff(s) Complaint.

**8.**    Any and all documents and communications substantiating any defense to Plaintiff's cause of action.

**9.**    Copies of any relevant reports and records prepared by any physician, hospital or healthcare provider who has examined Plaintiff(s) three (3) years prior to the injury and at any time subsequent to the injury, excluding those reports and records already provided by Plaintiff(s) to Defendant(s).

**10.**    Central indexing information on Plaintiff(s) for this alleged accident, alleged prior accident(s), and alleged subsequent accident(s).

**11.**    Verification of the policy limits for liability benefits, medical payments and any "umbrella" or excess benefits, including applicable policy declarations page.

Case ID: 250601068

**12.**     Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

**13.**     Any and all reports, communications and/or documents prepared by Defendant(s) or their employee(s)/agent(s) containing the facts, circumstances and causes of this alleged accident.

**14.**     Any and all documents of any nature whatsoever which refer in any way to the alleged accident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said alleged accident.

**15.**     All property damage estimates rendered for any object belonging to the Plaintiff(s) and/or Defendant(s) which was involved in this alleged accident.

**16.**     Any and all press releases concerning this alleged accident.

**17.**     Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

**18.**     Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the alleged accident, alleged accident site and/or any instrumentality involved in the alleged accident.

**19.**     All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

**20.**     If at or shortly before the alleged accident, you were using any functions on your cell phone or on any portable handheld electronic device, please provide your cell phone or electronic device records for the date of the accident.

**21.**     Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiff's(s') Interrogatories.

Case ID: 250601068

These requests are deemed to be continuing insofar as if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel consistent within the applicable Rule of Civil Procedure.


*Brian P. McGovern*
Brian P. McGovern, Esquire
Attorney ID#: 77226

37

Case ID: 250601068

## **VERIFICATION**

I, _____, subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____
Signature

Case ID: 250601068